```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/9/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SHANGGANG FENG,   :   18-CV-12329 (GBD) (RWL)
   :
              Plaintiff,   :   **ORDER**
   :
    - against -   :
   :
KELAI CORP., et al.   :
   :
             Defendant.   :
-------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      This order resolves Plaintiff's motion in limine to allow Plaintiff to testify remotely pursuant to Fed. R. Civ. P. 43(a). (Dkt. 71.) That rule provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Plaintiff has moved to testify remotely because his immigration status will not permit him to return to the U.S. for trial. The Court finds good cause and agrees that compelling circumstances are presented for Plaintiff to testify by remote means. *See Angamarca v. Da Ciro, Inc.*, 303 F.R.D. 445, 447 (S.D.N.Y. 2012) ("The legal infeasibility of attending a deposition or trial in person because of one's immigration status rises to the level of compelling circumstances since [plaintiff] cannot be compelled to attend without either securing requisite authorization or violating immigration laws").

      Defendant argues, and Plaintiff acknowledges (Dkt. 80), that taking Plaintiff's testimony, even remotely, while he resides in China would be illegal under Chinese law. Thus, the Court will not permit Plaintiff to testify remotely from China. *See Ji v. Jling Inc.*, No. 15-CV-4194, 2019 WL 1441130, at *10-11 (E.D.N.Y. March 31, 2019) (striking and prohibiting any further testimony taken remotely of plaintiff in China).

1

Plaintiff has indicated, however, that he is willing to testify outside China, specifically in Hong Kong or Macau; doing so will apparently require plaintiff to obtain an exit-entry permit. (Dkt. 78 at 5; Dkt. 78-1.) In the event that Plaintiff is able to obtain said permit and testify from Hong Kong or Macau, and subject to certain safeguards set forth below, the Court finds that Defendants will not be prejudiced by having Plaintiff testify by remote means.

Accordingly, Plaintiff may testify by remote means from Hong Kong or Macau. Plaintiff is solely responsible for obtaining, and paying for, the appropriate permissions for him to travel to Hong Kong or Macau and for making all arrangements of providing his testimony remotely. Plaintiff's counsel shall coordinate with the Court's technology personnel and with defense counsel to ensure Plaintiff's testimony is presented clearly, audibly, and smoothly without interference or interruption. If Plaintiff requires a translator, Plaintiff shall arrange for the translator to be present in court. Any translation must be simultaneous. Plaintiff's counsel must deliver in a sealed package to Plaintiff any and all trial exhibits about which Plaintiff intends to testify, and shall coordinate with defense counsel as to whether there are any additional exhibits that defense counsel wishes to include in the package. Plaintiff may not open the package until directed to do so by the Court and must have the package of exhibits with him at the time he testifies. No person may be present in the room from which Plaintiff testifies, but Plaintiff shall make sure that a technician is available at all times in case any technical issues should be addressed.

If Plaintiff fails to make the foregoing arrangements for his testimony, he may be precluded from testifying, and his case may be dismissed for failure to prosecute.

The Clerk of Court is respectfully requested to terminate the motion at Dkt. 71.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:      May 9, 2023
            New York, New York

Copies transmitted to all counsel of record.