USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/7/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SHANGGANG FENG,                                       :       18-CV-12329 (RWL)
                                                      :
                Plaintiff,                              :       **ORDER**
                                                      :
      - against -                                     :
                                                      :
KELAI CORP., et al.                                   :
                                                      :
                Defendant.                              :
-------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      This order resolves two related requests at Dkt. 99 and 104.

      Plaintiff requests leave, post-trial, to amend the caption of the case to reflect the true names of Defendants "Lan Doe" and "Qin Doe," neither of whom appeared in the case. (Dkt. 99.) As the appearing Defendants point out, and Plaintiff concedes, Plaintiff has known of the Doe defendants' true names since depositions were taken in July 2020. (*See* Dkt. 99 at 1, Dkt. 100 at 1.) Further, the deadline for amending the pleadings expired in 2019. (*See* Dkts. 6, 19.) Because Plaintiff's request to amend comes after that deadline has passed, Plaintiff must demonstrate good cause to amend pursuant to Fed. R. Civ. P. 16(b). To demonstrate good cause, Plaintiff must show that he was diligent in pursuing amendment. Having learned of the relevant information in July 2020, before the close of discovery, and having waited to move to amend until after trial in 2023, Plaintiff cannot demonstrate good cause. Accordingly, and even though the Court has the discretion to permit amendment eve in the absence of good cause, the request to amend is denied.

      In their letter at Dkt. 104, Defendants claim that Plaintiff has attempted to evade the pleading issue by having filed a certificate of default against the defaulting defendants

1

that include their true names via "a/k/a" designations. The Court does not deem the events – motion to amend the Complaint and providing "a/k/a" on the certificates of default – equivalent, even if they achieve a similar result in this instance. Affidavits of service on the two defaulting defendants were filed at the outset of this case on January 24, 2019. (Dkts. 10-11.) The Court finds no undue prejudice about, or any other reason to strike, identification of the defendants in the certificate of default as Plaintiff has done based on undisputed evidence in the record. Accordingly, Defendants' request to strike the certificate of default is denied.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:      December 7, 2023
            New York, New York

Copies transmitted to all counsel of record.