UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SHANGGANG FENG,
*on his own behalf and on behalf of others similarly situated*

                Case No.: 18-CV 12329 (RWL)

           Plaintiff,

  -against-

KELAI CORP d/b/a Jef Chinese,
FAN YANG,
JAY HUANG,
LAN "DOE" and
QIN "DOE",

           Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# DEFENDANTS' RESPONSE TO PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

 

Christopher R. Travis, Esq.
**TRAVIS LAW PLLC**
40 Wall Street, Suite 2805
New York, New York 10005
Telephone: (212) 248-2120
*Attorneys for Defendants*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... 3

I.    PRELIMINARY STATEMENT ..................................................................................- 1 -

II.    PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW SHOULD BE REJECTED ..............................................................................................- 1 -

III.    YANG AND HUANG ARE NOT "EMPLOYERS" .........................................................- 2 -

IV.    PLAINTIFF'S UNPAID WAGE AND OVERTIME CLAIMS UNDER FLSA AND NYLL ARE UNAVAILING ..............................................................................................- 4 -

V.    PLAINTIFF WAS PROPERLY NOTIFIED OF THE TIP CREDIT AND RECEIVED A WAGE NOTICE IN ACCORDANCE WITH NYLL § 195.1 .......................................- 7 -

VI.    DEFENDANTS ARE NOT LIABLE FOR LIQUIDATED DAMAGES ...........................- 8 -

VII.    CONCLUSION ............................................................................................................- 10 -

# TABLE OF AUTHORITIES

**CASES**

*Barfield v NY City Health & Hosps. Corp.*,
    432 F Supp 2d 390, 392-393 (SDNY 2006)……………………………………………….3

*Carter v Dutchess Community Coll.*,
    735 F2d 8, 12 (2d Cir 1984)………………………………………………………..…..2

*Chao v Gotham Registry, Inc.*,
    514 F3d 280, 287 (2d Cir 2008)………………………………………………………...….4

*Elghourab v Vista JFK, LLC*, 2019
    US Dist LEXIS 97949, at *35-36 (EDNY June 11, 2019, No. 17-cv-911 (ARR) (ST))……..8

*Guerra v Trece Corp.*,
    2020 US Dist LEXIS 223309, at *24-25 (SDNY Nov. 30, 2020)……………………..……2-3

*Inclan v NY Hospitality Group, Inc.*,
    95 F Supp 3d 490, 505 (SDNY 2015)……………………………………………...……9

*Kuebel v Black & Decker*,
    643 F3d 352, 362 (2d Cir 2011)……………………………………………………..…4-5

*Mendez v Radec Corp.*,
    232 FRD 78, 83 (WDNY 2005)……………………………………………….…………6

*Ocampo v 455 Hospitality LLC*,
    2021 US Dist LEXIS 178875, at *16 (SDNY Sep. 20, 2021, No. 14-CV-9614 (KMK))..2-4

*Reich v S. New Eng. Telecom. Corp.*,
    121 F3d 58, 64 (2d Cir 1997)……………………………………………………..……6

*Tapia v BLCH 3rd Ave. LLC*,
    2016 US Dist LEXIS 118313, at *26 (SDNY Sep. 1, 2016, No. 14-cv-8529 (AJN))…...4

*Wen Zhou v Aberdeen Dim Sum & Seafood Inc.*,
    2016 US Dist LEXIS 147337, at *5 (SDNY Oct. 24, 2016, No. 14 CV 2014 (VB))……7

**STATUTES**

29 U.S.C. § 260………………………………………………………………………………….9

12 NYCRR § 146……………………………………………………………….………….....5,7

N.Y. Lab. L §§ 190………………………………………………………………………..……3

N.Y. Lab. L. § 195.1………………………………………………………………………..…..8

N.Y. Lab L  § 198……………………………………………………………………………9

N.Y. Lab L  § 663……………………………………………………………………………9

N.Y. Lab. L §§ 650…………………………………………………………………………...5

FLSA §206…………………………………………………………………………………....5

FLSA §207(a)………………………………………………………………………………..5

This Response to Plaintiff's Proposed Findings of Fact and Conclusions of Law is respectfully submitted on behalf of Defendants Kelai Corp d/b/a Jef Chinese ("Jef Chinese"), Fan Yang ("Yang") and Jay Huang ("Huang") (collectively referred to herein as the "Defendants"). Plaintiff Shanggang Feng ("Feng" or "Plaintiff") commenced this action in connection based on purported violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 et seq. and New York Labor Law ("NYLL").

## I. PRELIMINARY STATEMENT

The present case revolves around two distinct issues: (i) Plaintiff's erroneous attempt to classify individual defendants Yang and Huang as 'employers' under the FLSA and NYLL and (ii) Plaintiff's contradictory claims regarding wage notices and work hours. Most crucially, Plaintiff's argument that Yang and Huang should be deemed employers under the FLSA and NYLL is fundamentally flawed. Evidence and trial testimony clearly show that operational control, including the creation of work schedules, pay rates, and, notably, employment conditions, was delegated to Jef Chinese manager Ah Qin. Plaintiff's contradictory claims regarding work hours and the dearth of substantiating evidence only work to further shroud his claims with doubt. In sum, Plaintiff's claims are marred by contradictions and misinterpretations of the FLSA and NYLL.

## II. PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW SHOULD BE REJECTED

Plaintiff, in flagrant disregard of this Court's explicit directives, has submitted a 'proposed findings of fact and conclusions of law' that egregiously exceeds the page limits set by this Court. At the conclusion of the trial, Judge Lehrburger specified a 20-page maximum length for the 'proposed findings of fact and conclusions of law. (Tr. 160: 12-15)

This was a departure from the 25-page limit in his rules[1]. Plaintiff nevertheless submitted a staggering 44-page 'proposed findings of fact and conclusions of law' in defiance of this Court's orders and rules. Upon information and belief, Plaintiff has neither sought nor received permission for the extra pages. Therefore, this Court should reject Plaintiff's 'proposed findings of fact and conclusions of law' for its failure to comply with the page limit requirements.

### III. YANG AND HUANG ARE NOT "EMPLOYERS"

Importantly, neither Yang nor Huang meet the criteria to be classified as 'employers' under the FLSA. The Second Circuit courts use two approaches to analyze whether an employment relationship exists. Both approaches are determined on a case-by-case basis by review of the totality of the circumstances. *Ocampo v 455 Hospitality LLC*, 2021 US Dist LEXIS 178875, at *16 (SDNY Sep. 20, 2021, No. 14-CV-9614 (KMK)).  Primarily, an employment relationship may arise as a result of "formal control" exercised over a worker. The Second Circuit developed the following test to determine whether formal control exists: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Guerra v Trece Corp*., 2020 US Dist LEXIS 223309, at *24-25 (SDNY Nov. 30, 2020) citing *Carter v Dutchess Community Coll*., 735 F2d 8, 12 (2d Cir 1984). An employer as "an individual defendant must possess control over a company's actual operations in a manner that relates to employment." *Ocampo*, 2021 US Dist LEXIS 178875, at * 19.

If formal control does not exist, a district court will determine whether "functional control" has been exercised over a worker.  Courts determine the existence of functional control based on

---

[1] https://www.nysd.uscourts.gov/sites/default/files/practice_documents/RWL%20Lehrburger%20Individual%20Rules%202022.12.06.pdf.

the following factors: (1) whether [defendants'] premises and equipment were used for the plaintiffs' work; (2) whether the [referral agencies] had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete line-job that was integral to [defendants'] process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which the [defendants] or their agents supervised plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominantly for the [defendants]. *Barfield v NY City Health & Hosps. Corp.*, 432 F Supp 2d 390, 392-393 (SDNY 2006) (internal citations omitted). The standard for determining whether someone is an employer under NYLL § 190(3) generally mirrors the FLSA. *Guerra v Trece Corp.*, 2020 US Dist LEXIS 223309, at *24-25; NYLL § 190(3).

  Plaintiff erroneously asserts that Yang and Huang are 'employers' under the FLSA and NYLL because they exercised formal and functional control over the restaurant. Plaintiff, in particular, points to Yang and Huang's "hiring" of the restaurant manager Ah Qin and employee Ah Lan when Yang and Huang acquired Jef Chinese as evidence of such control. (Tr. 72: 11-25; 93:14-17); *See* Plaintiff's Proposed Findings of Fact and Conclusions of Law, p. 26. After Yang acquired the restaurant, however, he delegated operational responsibilities to Ah Qin, effectively relinquishing his powers in this domain. (Tr. 102: 13-20) Huang, on the other hand, never possessed the ability to hire or fire employees. (Tr. 97: 17-25; 98:3-15; 102: 13-20; 144:18-25; 145:1-2). Huang was not involved in the restaurant's operations at all due to his commitments to other business ventures, including a ramen restaurant, a coffee shop, and a deli. (Tr. 141: 2-5). The supervision of employees and control of work schedules were Ah Qin's responsibility – evidenced by Yang's trial testimony indicating that he and Huang had no operational control over the restaurant (Tr. 74: 1-11). Furthermore, while Yang did have some involvement in accounting and

payroll matters, this participation did not extend to controlling pay rates and hours, a responsibility that again fell to Ah Qin. *Id.* The maintenance of employment records was another administrative task under Ah Qin's charge. *Id.* Plaintiff admits that Yang and Huang did not affect his conditions of employment – they did not hire him, fire him, supervise him or control his work schedule. (Tr. 13: 15-22; 20:10-13; 32: 7-9; 42: 6-8; 44: 15-17; 47: 9-12). Plaintiff further admits that he only interacted with Huang and Yang in passing as they "rarely went to the restaurant." (Tr. 41:9-24). Plaintiff has clearly conceded that Huang and Yang did not have formal or functional control. Plaintiff fails to establish that Defendants possessed control over Jef Chinese's actual operations in a manner that relates to Plaintiff's employment. *Ocampo*, 2021 US Dist LEXIS 178875, at * 19. Even an ownership interest coupled with a role in supervising employees is not sufficient to sustain individual FLSA liability. *Tapia v BLCH 3rd Ave. LLC*, 2016 US Dist LEXIS 118313, at *26 (SDNY Sep. 1, 2016, No. 14-cv-8529 (AJN)) (where the Court did not find an individual defendant to be an employer under the FLSA where the individual defendant was at restaurant on a daily basis, was involved in kitchen operations, gave instructions to managers, supervised staff in the cleaning and organizing of the restaurant, and reviewed payroll each week). Thus, Yang and Huang cannot be construed as 'employers' under the NYLL or FLSA because they did not engage in active management or exert control over employees.

## IV. PLAINTIFF'S UNPAID WAGE AND OVERTIME CLAIMS UNDER FLSA AND NYLL ARE UNAVAILING

Employer liability under FLSA for unpaid overtime requires that a plaintiff prove he performed work for which he was not properly compensated and that the employer had actual or constructive knowledge of that work. *Chao v Gotham Registry, Inc.*, 514 F3d 280, 287 (2d Cir 2008). Plaintiff's reliance on *Kuebel v Black & Decker Inc*, to substantiate the validity of recalling work hours from memory due to purportedly incorrect record-keeping merits scrutiny. 643 F3d

352, 362 (2d Cir 2011). §206 of the FLSA mandates that employers pay their employees no less than a specified hourly amount per 40-hour work week. §207(a) of the FLSA provides that an employer engaged in commerce shall not employ a covered employee for a work week longer than 40 hours unless such employee receives compensation for employment in excess of 40 hours at a rate not less than 1 ½ times the regular rate at which he is employed. Plaintiff claims that Defendants refused to pay him in full for the hours worked at the statutory minimum wage and that he was not compensated for overtime work. Further, Feng asserts that he is entitled to recover from Defendants, pursuant to NYLL §§ 650 *et seq*. and 12 New York Codes, Rules and Regulations (NYCRR) § 146 unpaid wages and overtime compensation.

Primarily, Plaintiff relies on the dicta from *Kuebel* establishing that "**at summary judgment**, if an employer's records are inaccurate, an employer need only present 'sufficient evidence to show the amount and extent of [uncompensated work] as a matter of **reasonable inference**.'" *Kuebel,* 643 F3d at 362 (emphasis added). The case at bar, however, does not involve a motion for summary judgment. Notwithstanding, and setting aside the alleged issues with the accuracy of the restaurant's records, Plaintiff's inconsistent statements during the trial significantly undermines the credibility of his wage claims.

Plaintiff claims that the records of hours he worked that he had created and signed were inaccurate. (Tr. 30: 9-13); Time and Wage Records, **Exhibit B** to Defendants' Proposed Findings of Fact and Conclusions of Law. He asserts that despite his records typically indicating he was *off the clock* from 3:00 to 6:00 pm, Ah Qin and Ah Lan, told him not to report this break period (Tr. 30: 11-16). Plaintiff's claims of working continuously from 11:00am to 10:00pm without relief are contradicted by his admission of spending the workday typically waiting for orders (Tr. 20: 14-25; 21: 1-4). Plaintiff's alleged involvement in non-delivery tasks during this 3-hour period, such

as cutting onions and cleaning windows (Tr. 27:15-22), estimated by Plaintiff to take 1-2 hours (Tr. 28: 6-8; 59: 1-10), could feasibly have been performed when he was clocked-in, especially during slower periods. Plaintiff's conspicuous lack of evidence for his activities during the alleged unaccounted-for three-hour period weakens his claims, having only provided delivery receipts from the week before his departure. Notwithstanding, Plaintiff testified that his wages did include tips and that he averaged $70 - $80 in tips per day on top of the wages issued to him by Jef Chinese. (Tr. 54: 6-9).

Pursuant to the 'predominant benefit' standard an employee's meal break time is only compensable if the work done during that time mainly benefits the employer. *Reich v S. New Eng. Telecom. Corp*., [121 F3d 58, 64](#) (2d Cir 1997); See also *Mendez v Radec Corp*., [232 FRD 78, 83](#) (WDNY 2005) (FLSA and NYLL claims for unpaid lunch breaks analyzed under "predominant benefit" standard).  Here, Plaintiff supplies no evidence -- except for a few delivery receipts for the last weeks of his employment -- that he actually worked during these break periods. Moreover, the tasks Plaintiff testified to doing during the 3:00 - 6:00 pm break, such as cutting onions and packing sauces, are not significant enough to be considered work that primarily benefits the restaurant. This is especially so because these tasks are quite different from his main job as a delivery person. Plaintiff's break-time activities do not directly support the restaurant's core operations. The lack of clear evidence about how often and how long he did these tasks casts further doubt as to the substantive nature of these purported activities.  As for employer "actual" or "constructive" knowledge of Plaintiff's work during this break period, Yang and Huang, again, had passive roles in the management of the restaurant and were not privy to Plaintiff's specific day-to-day activities. (Tr. 74:1-11; 84: 13-18; 87: 22-25; 88: 1; 141: 2-5; 144:18-24; 145: 1-2).

Vitally, and contrary to Plaintiff's contentions, Plaintiff did have prior knowledge of state and federal laws governing minimum wages and maximum hours. *See* Plaintiff's Proposed Findings of Fact and Conclusions of Law, p. 14. In his trial testimony, Feng maintained that during his "off the clock" hours (3:00 pm to 6:00pm), he was actually making deliveries as purportedly evidenced by a series of time-stamped delivery tickets from October 9 to October 14, 2018. See, Delivery Tickets**, Exhibit 3** to Defendants' Proposed Findings of Facts and Conclusions of Law. Plaintiff stated that he kept his delivery tickets. (Tr. 23: 1-3). Plaintiff quit Jef Chinese on October 14, 2018. (Tr. 60: 22-23). When questioned about the absence of similar delivery tickets prior to October 9, 2018, Feng stated that he had thrown them out, despite previously testifying that he had kept all his tickets. (Tr. 62:9-17). Additionally, he acknowledged disposing of the delivery tickets for earlier in the day and for dinner hours within the same October 9 to October 14 timeframe. (Tr. 63: 14-25; 64: 1-4) Moreover, Feng disclosed that he sought legal counsel for his employment law claims on October 16, 2018, just two days after leaving Jef Chinese. (Tr. 65:14- 19). He left for China approximately four weeks later. (Tr. 65: 6- 13). Plaintiff has failed to produce a shred of evidence suggesting that he worked during his break period prior to October 9, 2018. Plaintiff's actions smack of a deliberate plan to "set up" defendants for the present action.

### V. PLAINTIFF WAS PROPERLY NOTIFIED OF THE TIP CREDIT AND RECEIVED A WAGE NOTICE IN ACCORDANCE WITH NYLL § 195.1

Plaintiff contends that Defendants failed to appropriately inform him about the tip credit as required by the NYLL and FLSA. *Wen Zhou v Aberdeen Dim Sum & Seafood Inc*., 2016 US Dist LEXIS 147337, at *5 (SDNY Oct. 24, 2016, No. 14 CV 2014 (VB) ("To take advantage of the tip credit for FLSA purposes, the employer must satisfy two requirements: (i) the employer must have informed the employee of the Section 203(m) tip credit provisions, and (ii) the employee must either have retained all tips received or participated in a permissible tip pool."); 12

N.Y.C.R.R. § 146-1.3 Plaintiff alleges that he was not provided with any of the necessary wage notices to this effect. However, this claim contradicts Plaintiff's own testimony during the trial, where he explicitly acknowledged receiving a Notice of Pay Rate and Pay Day and receiving tips on a daily basis as a delivery man (Tr.13:13-14; 16: 21-22; 50: 6-15).

Moreover, Plaintiff's allegations concerning the wage notice under NYLL § 195.1, which requires that employers provide employees with a wage notice at the time of hiring in their primary language concerning the terms and conditions of employment related to *inter alia*, the rate of pay and basis thereof, present a confusing and contradictory narrative. Plaintiff asserts that he was compelled to sign but simultaneously did not receive any such notice. *See* Plaintiff's Proposed Findings of Fact and Conclusions of Law, p. 40. However, it is unclear how Plaintiff can be made to sign a document that was allegedly never provided. This 'paradox' aside, and as noted above, Plaintiff acknowledged receiving and signing a Notice of Acknowledgment of Pay Rate and Pay Day just five days after commencing work at the restaurant. (Tr.13:13-14; 16: 21-22); Notice and Acknowledgement of Payrate and Payday, **Exhibit D** to Defendants' Proposed Findings of Fact and Conclusions of Law. Translated in both English and Chinese, the Notice of Acknowledgement of Pay Rate and PayDay outlined, *inter alia*, Plaintiff's rate of pay, the allowances taken (tips), and the frequency of payment. The existence and acknowledgment of this notice by Plaintiff directly contradicts his allegations and demonstrates Defendants' compliance with NYLL § 195.1.

## VI. DEFENDANTS ARE NOT LIABLE FOR LIQUIDATED DAMAGES

The FLSA and NYLL provide that a plaintiff is presumptively entitled to liquidated damages equal in amount to actual damages unless the employer shows that, despite its failure to pay appropriate wages, it acted in subjective 'good faith' with objectively 'reasonable grounds' for believing that its acts or omissions did not violate the FLSA. *Elghourab v Vista JFK,*

*LLC, 2019* US Dist LEXIS 97949, at *35-36 (EDNY June 11, 2019, No. 17-cv-911 (ARR) (ST))(internal quotations and citations omitted); 29 U.S.C. § 260; NYLL § 198; NYLL § 663(1); See also *Inclan v NY Hospitality Group, Inc.*, 95 F Supp 3d 490, 505 (SDNY 2015). Specifically, "to avoid liability for liquidated damages, the employer must show that it "took 'active steps to ascertain the dictates of the FLSA and then acted to comply with them." *Chichinadze v BG Bar, Inc.*, 517 F Supp 3d 240, 258 (SDNY 2021). Courts have not materially distinguished the federal and state standards standard of good faith. *Id*.

Again, Yang and Huang are not employers within the context of the FLSA and NYLL. Notwithstanding, Plaintiff has conceded that Defendants took proactive measures to familiarize themselves with wage standards. See Plaintiff's Proposed Findings of Fact and Conclusions of Law, p. 39. However, the extent of each defendant's involvement in payroll management was insignificant. Yang's role was marginal, confined to peripheral aspects of payroll processes. Likewise, Huang had no involvement in payroll decisions. (Tr. 74: 1-11; 89: 16-17) This limited engagement significantly restricted Yang and Huang's capacity to oversee or modify wage-related practices. The responsibility for setting pay rates, hours and hours actually worked resided with Ah Quin, who advised Yang on Plaintiff's pay. (Tr. 75: 1-7). Yang and Huang's reliance on Ah Quin's directives was a reasonable response given their peripheral roles and the level of information available to them concerning the operation of the restaurant. While Yang and Huang do not meet the definition of an 'employer' under the FLSA and NYLL, their conduct demonstrates the requisite good faith, exempting them from liability (and prejudgment interest) regardless.

## VII.   CONCLUSION

Based upon the record evidence, as well as the factual and legal analyses set forth herein, Counsel for Plaintiff has failed to carry out its requisite burden of proof for establishing that Defendants violated the FLSA and NYLL for the enumerated Complaint allegations.

Dated: January 8, 2024
      New York, New York

Respectfully Submitted,

_____

Christopher R. Travis, Esq.
TRAVIS LAW PLLC
40 Wall Street, Suite 2805
New York, New York 10005
Telephone: (212) 248-2120
*Attorneys for Defendants*